# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| JEFFERY CHARELS ELMORE,<br>  ADC #91418 | * <br> * <br> * | |
| Plaintiff, | * | |
| vs. | * <br> * | No. 5:09-cv-00297-SWW-JJV |
| MALISSA MOYE; *et al.,* | * <br> * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    BACKGROUND

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 34). Plaintiff has filed a Response in opposition to this Motion (Doc. No. 37); therefore, the matter is ripe for a decision.

Plaintiff is an inmate at the Arkansas Department of Correction Varner Unit. He filed this *pro se* 42 U.S.C. § 1983 action against the Defendants based on incidents which occurred from December 25, 2008, until April 10, 2009, while he was incarcerated at the Cummins Unit. By Order dated November 9, 2009, this Court dismissed Plaintiff's allegations against Defendants Norris and Lay, and also dismissed all of Plaintiff's allegations of harassment. (Doc. No. 13). Remaining are Plaintiff's claims that Officer Moye retaliated against him because he filed grievances against her, and that Captain Tate refused to stop Officer Moye's retaliation. Plaintiff alleges Officer Moye's retaliation included: 1) trying to solicit inmates to injure him on January 8, 2009, and March 18, 2009; 2) improperly removing him from a handicapped shower on January 21, 2009, with deliberate indifference to his serious medical needs; 3) refusing to escort him to another building on January

2

21, 2009, to obtain notarization of a complaint; and 4) filing a false disciplinary charge. Plaintiff's allegations against Captain Tate concern his refusal to take any action against Officer Moye's retaliation. Plaintiff asks for monetary relief against Defendants.

## II.     SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulaney v. Carnahan,* 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

In support of their Motion for Summary Judgment, Defendants move to dismiss Plaintiff's claims against Officer Moye for failure to state a claim upon which relief may be granted, and because Plaintiff provides no evidence to support his allegations. Regarding the allegation of Moye's attempt to have inmates cause Plaintiff harm, Defendants state Plaintiff does not allege he was threatened or harmed in any way by any person. As to the shower allegation, Officer Moye states in her affidavit that, although Plaintiff occasionally was permitted to use the handicapped shower because of a knee injury, he was removed from the shower because it was needed by an

inmate who had a script for the handicapped shower. (Doc. No. 35, Ex. 5). Defendants state Plaintiff alleges no injury as a result of his removal from the shower. Regarding the notary issue, Defendants state Plaintiff obtained notary services from an ADC employee, and has alleged no First Amendment harm as a result. As to the retaliatory disciplinary violation, Defendants state a retaliation claim can not arise from discipline which is validly imposed for a rule violation, *citing Cowans v. Warren*, 150 F.3d 910, 911 (8th Cir. 1998) and *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). Defendants assert they can successfully demonstrate that "some evidence" supported the disciplinary charge filed against Plaintiff, *citing Superintendent v. Hill,* 472 U.S. 445, 466-67 (1985) and *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996), and therefore Plaintiff's claim of retaliatory discipline should fail.

Defendants state Plaintiff's allegation against Captain Tate should be dismissed because Captain Tate conducted an investigation into Plaintiff's complaints against Officer Moye and found no evidence to support those allegations. Additionally, Defendants move for dismissal because Plaintiff's allegation against Captain Tate is based on his supervisory capacity only, and *respondeat superior* is not available in actions filed pursuant to § 1983, *citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

In response, Plaintiff provides no factual dispute; rather, he states that in determining whether summary judgment is appropriate in this case, the Court should view all evidence and inferences in a light most favorable to the non-moving party. He further states that any delay of these proceedings is based on Defendants' attempt to gain an unfair advantage.

### III. ANALYSIS

#### A. False Retaliatory Disciplinary Charge

Plaintiff alleges Officer Moye falsely charged him with three violations (Doc. No. 35-7, p.

4

1), Failure to Obey Oder of Staff, Assault, and Any Felony Act Or Misdemeanor, in retaliation for the grievances he filed against her. Plaintiff offers no evidence in support of his allegations of retaliation; rather, he offers only broad and conclusory allegations which are insufficient to support his claims. *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987). Furthermore, Plaintiff can not state a claim for retaliation if the disciplinary conviction itself was based on the violation of a prison rule and where the conviction is supported by "some evidence." *See Cowans v. Warren*, *supra,* 150 F.3d at 912, and *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994). In *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993), the Court held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." In addition, in *Henderson, supra,* the Court held that the statement by the charging officer constituted some evidence to support the conviction, thus "checkmat[ing] his retaliation claim." 29 F.3d at 469.

In this particular case, according to the Disciplinary Violation Report, Plaintiff reportedly said to Officer Moye, "you just wait you, will get what you got coming to you and it will be real soon." Moye then advised Plaintiff that she was giving him a direct order to stop threatening her and "[Plaintiff] then advised me that I will see what I had coming." (Doc. No. 35-7, p.1). Based on these events, Moye charged Plaintiff with a disciplinary violation on March 29, 2009, and Plaintiff went through the disciplinary process. At a hearing on April 1, 2009, he was found guilty. (Doc. No. 35-7, p. 1-2). Plaintiff appealed the conviction and the conviction was affirmed on appeal, dated April 17, 2009, and May 21, 2009, respectively. (Doc. Nos. 35-8, 35-9, and 35-10).

In light of the substantial evidence presented in support of the Motion for Summary Judgment, and Plaintiff's failure to dispute any of these facts in his response, the Court finds that summary judgment in favor of Officer Moye is appropriate.

### B. Other Claims of Retaliation

"Prison officials may not retaliate against an inmate for exercising constitutional rights." *Flittie v. Solem, supra*, 827 F.2d at 281. However, the Court finds no support for Plaintiff's remaining claims against Officer Moye. First, Plaintiff does not allege he was threatened or harmed by any inmate as a result of Moye's alleged retaliation. Furthermore, Plaintiff does not allege he was injured by Defendant Moye's refusal to permit him to shower in the handicapped shower, and he provides no explanation to counter Defendants' statement that the shower was needed by another inmate for medical reasons. Finally, Plaintiff provides no proof that Moye's refusal to escort him to obtain notary services resulted in any harm nor does he counter Moye's explanation of how documents are notarized. Plaintiff does not allege he was prevented from filing any legal documents or that his First Amendment rights were violated in any way. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996), where the Court held that an inmate must "allege that a defendant's deliberate and malicious interference actually impeded his access to the court or prejudiced an existing action."

A prisoner cannot sustain an Eighth Amendment claim unless he can show he suffered some "actual injury." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation"). A § 1983 action is a type of tort claim, thus, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978). This Court recognizes that calculated harassment unrelated to prison needs could alone amount to sufficient injury. *Scher v. Engelke*, 943 F.2d 921 (8th Cir. 1991). However, such is not the case here. In their Motion, Defendants have given valid explanations as to why Plaintiff was removed from the shower and why he was not escorted to have his documents notarized. Plaintiff has offered no explanation to the contrary. Thus, Defendants' Motion should be granted.

### C. Captain Tate's Failure to Respond

The Court finds no support for Plaintiff's allegation against Captain Tate, who stated in his affidavit that he had investigated Plaintiff's allegations against Officer Moye, and found no evidence to support them. Furthermore, Plaintiff does not allege that Captain Tate himself retaliated against Plaintiff for filing grievances, but rather, that Moye's actions were motivated by the grievance filings. Therefore, the Court finds no support for the allegations against Captain Tate.

### IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED and that this action be DISMISSED with prejudice.

DATED this 6th day of August, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE